UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MALDONADO ROSADO, | ) | CASE NO. 4:19-CV-1655 |
| Plaintiff | ) | |
| | ) | (ARBUCKLE, M.J.) |
| v. | ) | |
| | ) | |
| ROBERT J. KARNES, *et al.,* | ) | |
| Defendants | ) | |

MEMORANDUM OPINION
*Defendants' Motion to Dismiss (Doc. 31)*

On September 25, 2019, William Maldonado Rosado ("Plaintiff") initiated

this civil action by filing a Complaint *in forma pauperis*. (Doc. 1). In his Complaint,

Plaintiff names the following Defendants: Robert J. Karnes ("Karnes"), Warden for

the Lebanon County Correctional Facility; and Tina Litz ("Litz"), Deputy Warden

for the Lebanon County Correctional Facility. (Doc. 1, at 2). Presently pending

before the Court is a Motion to Dismiss filed by Defendants Karnes and Litz

(collectively "Defendants"). (Doc. 31). Along with their Motion, Defendants filed a

brief in support. (Doc. 32). On August 24, 2020, Plaintiff filed a brief in opposition.

(Doc. 35). On September 3, 2020, Defendants filed a reply. (Doc. 36).

This matter is before me, upon consent of the parties pursuant to 28 U.S.C.

§ 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. 37). After

reviewing Plaintiff's Complaint (Doc. 1), and the arguments raised in the parties'

briefs, I find that Plaintiff's complaint fails to state a claim upon which relief can be

Page 1 of 13

granted. For the reasons explained below Defendants' Motion to Dismiss With Prejudice (Doc. 32) will be Granted in Part but Plaintiff will be given leave to amend.

I.      BACKGROUND & PROCEDURAL HISTORY

On September 25, 2019, Plaintiff filed this *pro se* civil Complaint in federal court alleging violations of his constitutional rights under 42 U.S.C. § 1983, against Defendants Karnes and Litz. (Doc. 1, at 1). Plaintiff alleges that he is a protective custody inmate. (Doc. 1, at 2-3). Plaintiff asserts that the prison does not provide protective custody inmates reasonable access to the law library. (Doc. 1, at 2). Specifically, Plaintiff argues that as a protective custody inmate, he is only permitted to access the law library through a kiosk machine, which is shared with other protective custody inmates. (Doc. 1, at 2-3). Plaintiff submits that there are 26 to 35 protective custody inmates and each inmate is only permitted 20 to 30 minutes to use the kiosk machine. (Doc. 1, at 3). Plaintiff contends, however, that 20 to 30 minutes is inadequate for 26 to 35 protective custody inmates, and thus does not permit reasonable access to the courts. *Id.*

Plaintiff further contends that as a protective custody inmate, he is not permitted to go to the law library; he cannot seek assistance from the library clerk; and he is not permitted to seek assistance from other inmates in the prison. *Id.* Accordingly, Plaintiff seeks injunctive relief regarding his ability to access the law library. (Doc. 1, at 3). Particularly, Plaintiff requests that protective custody inmates

be afforded equal access to the law library, similar to inmates housed in general population; that Lebanon County Correctional Facility increase the amount of time that protective custody inmates are permitted to access the law library; and that Lebanon County Correctional Facility allow protective custody inmates the opportunity to seek assistance from other inmates or library clerks. (Doc. 1, at 3).

On August 6, 2020, Defendants filed the Motion to Dismiss (Doc. 31) currently pending before this Court and a supporting brief (Doc. 32). On August 24, 2020, Plaintiff filed a brief in opposition. (Doc. 35). On September 3, 2020, Defendants filed a reply. (Doc. 36).

II.    LEGAL STANDARD

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, the court "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In reviewing a motion to dismiss, a court must "consider only the complaint, exhibits attached to the

complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

In deciding whether a complaint fails to state a claim upon which relief can be granted, the court is required to accept as true all factual allegations in the complaint as well as all reasonable inferences that can be drawn from the complaint. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). These allegations and inferences are to be construed in the light most favorable to the plaintiff. *Id.* However, the court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Further, it is not proper to "assume that [the plaintiff] can prove facts that [he] has not alleged . . . ." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Following the rule announced in *Ashcroft v. Iqbal*, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a complaint must recite factual allegations enough to raise the plaintiff's claimed right to relief beyond the level of mere speculation. *Id.* To determine the sufficiency of a complaint under the pleading regime established by the Supreme Court, the court must engage in a three-step analysis:

> First, the court must take note of the elements a plaintiff must plead to
> state a claim. Second, the court should identify allegations that, because
> they are no more than conclusions, are not entitled to the assumption of
> truth. Finally, where there are well-pleaded factual allegations, a court
> should assume their veracity and then determine whether they plausibly
> give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556

U.S. at 675, 679). "In other words, a complaint must do more than allege the

plaintiff's entitlement to relief" and instead must 'show' such an entitlement with its

facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

As the court of appeals has observed:

> The Supreme Court in *Twombly* set forth the "plausibility" standard for
> overcoming a motion to dismiss and refined this approach in *Iqbal*. The
> plausibility standard requires the complaint to allege "enough facts to
> state a claim to relief that is plausible on its face." *Twombly*, 550 U.S.
> at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard
> when the factual pleadings "allow[ ] the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged." *Iqbal*,
> 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).
> This standard requires showing "more than a sheer possibility that a
> defendant has acted unlawfully." *Id*. A complaint which pleads facts
> "merely consistent with" a defendant's liability, [ ] "stops short of the
> line between possibility and plausibility of 'entitlement of relief.'" *Id.*
> (citing *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

*Burch v. Milberg Factors, Inc*., 662 F.3d 212, 220-21 (3d Cir. 2011).

In undertaking this task, the court generally relies only on the complaint,

attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263,

268 (3d Cir. 2007). The court may also consider "undisputedly authentic

Page 5 of 13

document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also, U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment."). However, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien &Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

III.   ANALYSIS

Plaintiff appears to allege one overarching § 1983 claim against Defendants Karnes and Litz in his Complaint. Significantly, Plaintiff alleges that Lebanon County Correctional Facility does not provide protective custody inmates reasonable access to the law library, thus reasonable access to the courts. (Doc. 1, at 2). Plaintiff further contends that as a protective custody inmate, he is not permitted to go to the law library; he cannot seek assistance from the library clerk; and he is not permitted

to seek assistance from other inmates in the prison. *Id.* Accordingly, Plaintiff seeks

injunctive relief regarding his ability to access the law library. (Doc. 1, at 3).

### A. PLAINTIFF HAS FAILED TO PLEAD A PLAUSIBLE ACCESS TO COURTS CLAIM UNDER § 1983

Defendants Karnes and Litz argue that Plaintiff's § 1983 claim against them

should be dismissed with prejudice based on two reasons: (1) that Plaintiff failed to

allege facts establishing their personal involvement; and (2) that Plaintiff failed to

allege facts suggesting that he lost the opportunity to assert a colorable legal claim

or defense as the result of his alleged insufficient access to the prison law library.

(Doc. 32, at 2-3).

#### 1. Plaintiff Fails to Allege Facts Establishing the Personal Involvement of Warden Karnes and Deputy Warden Litz

First, Defendants argue that in asserting § 1983 claims, "[a][n individual

government] defendant in a civil rights action must have personal involvement in

the alleged wrongdoing; liability cannot be predicated solely on the operation of

*respondeat superior.*" (Doc. 32, at 2). In this case, Plaintiff named Warden Karnes

and Deputy Warden Litz as Defendants, but failed to plead facts establishing their

personal involvement in the alleged acts or omissions giving rise to his claim of

insufficient access to the prison law library. (Doc. 32, at 3). Thus, Defendants

argue that Plaintiff's Complaint should be dismissed with prejudice pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure. *Id.*

Plaintiff did not respond to this argument in his brief and appears to reiterate the claims outlined in his Complaint, while raising a number of new factual allegations. (Doc. 35, at 1-2).

Plaintiff's civil rights action is brought under 42 U.S.C. § 1983. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). "It is well settled that § 1983 does not confer any substantive rights, but merely 'provides a method for vindicating federal rights elsewhere conferred.'" *Williams v. Pennsylvania Human Relations Comm'n*, 870 F.3d 294, 297 (3d Cir. 2017) (quoting *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 104 (3d Cir. 2014)).

To state a § 1983 claim, a Plaintiff must allege that each defendant had "personal involvement in the alleged wrongdoing." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)); *Clemens v. Warden SCI Greene*, 290 F. Supp.3d 388, 395 (E.D. Pa. 2018). This includes "describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Clemens*, 290 F. Supp.3d at 395. Simply put, "[l]iability under § 1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of

Page 8 of 13

personal direction or of actual knowledge and acquiescence in the challenged practice. *Quarles v. Palakovich*, 736 F. Supp.2d 941, 949 (M.D. Pa. 2010). Personal involvement is not established by a mere showing that a prison official engaged in an after-the-fact review of a grievance or failed to respond to an inmate's written complaints. *Mutschler v. Corby*, No. 3:16-CV-327, 2017 WL 3894681, at *2 (M.D. Pa. Sept. 6, 2017).

Guided by these legal tenets, I find that Plaintiff did not include enough facts in his Complaint to show that that Defendants Karnes and Litz had any personal involvement in denying Plaintiff adequate law library time. As correctly stated by Defendants, the only allegation in the Complaint that appears to relate to Warden Karnes or Deputy Warden Litz, is Plaintiff's allegation that prison officials denied his grievance and Warden Karnes did not respond to his appeal. (*See* Doc. 1, at 2). Since, Plaintiff has failed to plead any personal involvement on the part of these Defendants, the claims against them will be dismissed. While it is logical to assume that the Warden or the Deputy Warden are responsible for either making or enforcing a prison policy, that is a logical leap that the Court cannot make. In order to state a claim Plaintiff must explain their personal involvement in establishing or enforcing the limited law library policy for inmates in protective custody.

2.   Plaintiff Has Failed to Allege Facts Suggesting That He Lost the Opportunity to Assert a Colorable Legal Claim or Defense as the Result of his Alleged Insufficient Access to the Law Library

Next, the Defendants argue that Plaintiff attempts to assert a First Amendment denial of access claim against them in his Complaint. (Doc. 32, at 3). However, Plaintiff fails to state a *prima facie* claim for denial of access against them because he fails to identify any non-frivolous legal claim or defense that he has lost as the result of any denial of access. (Doc. 32, at 4). Thus, absent such facts, Plaintiff's denial of access claim is without merit. *Id.*

Plaintiff does not respond to this argument in his brief.

Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts. *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (quoting *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). To state a claim for denial of access to the courts a prisoner must demonstrate: "(1) that they suffered an actual injury by having lost the chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *See Monroe*, 536 F.3d at 205; *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Toaz v. Lane*, No. 3:17-CV-1425, 2018 WL 1431020, at *2 (M.D. Pa. Mar. 22, 2018). Thus, to meet this standard at the pleading phase, "[t]he complaint must describe the underlying arguable claim

well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'"

Applying the above standard, I find that Plaintiff failed to allege facts suggesting that he lost the opportunity to assert a colorable legal claim or defense as the result of his alleged insufficient access to the law library. Here, Plaintiff's Complaint contains no factual allegations identifying any non-frivolous legal claim or defense that Plaintiff allegedly lost as the result of any denial of reasonable access to the prison law library. Accordingly, Plaintiff's denial of access claim will be dismissed without prejudice. Plaintiff will have to state a specific colorable legal claim that he wants to assert and either could not or now can't because of his limited law library access.

B.   LEAVE TO AMEND

The Court of Appeals has consistently held that "[w]hen a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *See Grayson v. Mayview State Hospital*, 293F.3d 103, 108 (3d Cir. 2002); *see also Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000); *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith,

dilatory motive, prejudice, and futility. *Shane*, 213 F.3d at 115; *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Further, the U.S. Supreme Court has acknowledged that "[the] grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason [e.g., inequity or futility] appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434; *Grayson*, 293 F.3d at 108. If a plaintiff does not desire to amend, however, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate. *Shane*, 213 F.3d at 116.

In their Brief, Defendants' request that Plaintiff's § 1983 claims against them be dismissed with prejudice. (*See* Doc. 32, at 2-5). However, Defendants do not provide any justifying reason (e.g., undue delay, bad faith, dilatory motive, prejudice, and futility). Thus, finding that Plaintiff had no prior opportunity to amend his Complaint, I will grant Plaintiff leave to amend.

IV.   CONCLUSION

Accordingly, IT IS ORDERED that Defendants' Motion to Dismiss (Doc. 31)

will be GRANTED IN PART as follows:

(1)   All claims Karnes and Litz are DISMISSED. However, these claims are dismissed WITHOUT PREJUDICE.

(2)   Plaintiff is GRANTED leave to file an Amended Complaint. Plaintiff may, if he chooses, file an amended complaint on or before **January 8, 2021**. Failure to file an amended complaint will result in the dismissal of this case.

Plaintiff is placed on notice that any amended complaint must be complete in all respects; it must be a new pleading that complies with the requirements of the Federal Rules of Civil Procedure which stands by itself without reference to the complaint already filed. The amended complaint will completely replace the original complaint, therefore if Plaintiff chooses to file an amended complaint, the original complaint will have no role in the future of this case.

(3)   An appropriate Order shall issue.


Date: December 1, 2020                    BY THE COURT

                                          _s/William I. Arbuckle_
                                          William I. Arbuckle
                                          U.S. Magistrate Judge